**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| CELS ENTERPRISES, INC., | CASE NO. CV 12-01537 RGK (PJWx) |
| Plaintiff, | (Currently Pending Before Central District of California) |
| v. | |
| M. LONDON, INC, et al., | |
| Defendants. | |

**MOTION FOR AN ORDER COMPELLING COMPLIANCE WITH THE**
**SUBPOENA DUCES TECUM OR, IN THE ALTERNATIVE, FOR AN ORDER TO**
**SHOW CAUSE**

Plaintiff, Cels Enterprises, Inc. ("Cels"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 37(a) and 45(c)(2)(B)(i), and S.D. Fla. Local Rule 26.1(h)(2), respectfully moves for an order to compel Nonparty, Mr. Pocketbook, Inc. ("Mr. Pocketbook") to comply with the subpoena duces tecum served by Cels or, in the alternative, for an order to show cause and, in support states as follows:

1.     This Motion is necessary because Mr. Pocketbook refused to produce a single document in response to the subpoena, and instead asserted boilerplate, blanket objections which are entirely meritless.

2.     The parties have repeatedly met and conferred regarding Mr. Pocketbook's refusal to comply with the subpoena.  During those meetings, counsel for Mr. Pocketbook did not dispute that this discovery is legitimate.  Yet, to date, Mr. Pocketbook continues to withhold relevant documents without any justification.

3.     This Motion is based on the attached Memorandum of Points and Authorities, Declaration of Heather McCloskey, Esq. and exhibits thereto, all pleadings and papers on file in

1

this action, and upon such other evidence and argument as may be presented to the Court before it rules on the Motion.

4.      Pursuant to S.D. Fla. Local Rule 7.1(a)(3), counsel for the movant has conferred with all parties and non-parties who may be affected by the relief sought in the Motion in a good faith effort to resolve the issues raised in the Motion and has been unable to do so.  Specifically, Cels made good faith efforts to resolve the dispute informally with Mr. Pocketbook and reasonably relied on counsel's representations that Mr. Pocketbook intended to cooperate.  Cels filed this motion immediately after it became apparent that those efforts proved futile.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND FACTS

This matter arises from a contract dispute between Cels Enterprise Inc. ("Cels") and M. London, Inc. ("M. London").  In or about July 1, 2010, M. London entered into a license agreement with Cels, pursuant to which M. London was granted a license to use Cels' Chinese Laundry trademark in connection with handbags.  M. London subsequently defaulted on the agreement, refusing to pay the minimum royalties due, conduct the requisite advertising activities, or carry out other obligations under the agreement.  On December 16, 2011, Cels provided M. London with formal notice that it had committed material breaches of the agreement, and requested it to cure same, which M. London failed to do.

In December of 2011, when M. London was already in breach of the License Agreement, Cels also received information that M. London sold Chinese Laundry-branded handbags to retailers unauthorized under the License Agreement.  Such sale exceeded the scope of the permissible use granted by Cels, and constituted infringement of Cels' trademark rights.  On February 23, 2012, Cels filed suit against M. London and its principal, Michael Bannout, asserting claims for breach of contract, federal trademark infringement, federal trademark dilution and unfair competition.  M. London subsequently defaulted on its obligation to respond to the Complaint.  Its motion for relief from default was denied and it remains in default, but

Cels has continued to prosecute its claims against Bannout and has added M. London's sister company, London Trends Group, LLC ("London Trends"), as a defendant.

On or about September 4, 2012, in the course of investigating the extent of defendants' infringing activities, Cels learned that, following the termination of the License Agreement, M. London continued to sell Chinese Laundry–branded goods in manners prohibited by the License Agreement.  More specifically, on or around September 4, 2012, Cels discovered that a third party, Mr. Pocketbook, Inc. ("Mr. Pocketbook") was offering for sale Chinese Laundry-branded handbags online. Mr. Pocketbook, however, is not an authorized reseller of Chinese Laundry handbags under the License Agreement.  Further, Mr. Pocketbook was offering the handbags for sale at a fraction of the minimum wholesale cost prescribed by the License Agreement.  Cels' investigation confirmed that handbags were produced by M. London.

To determine the scope of the infringing sale by M. London to this entity, Cels initially informally requested Mr. Pocketbook to produce all records relating to the sale of Chinese Laundry–branded goods.  On October 12, 2012, Cels received documents reflecting the London Trends shipped Chinese Laundry items to Mr. Pocketbook in January of 2012.  (McCloskey Dec., Ex. A.)  On October 15, 2012, Cels received a handful of invoices showing the sale of Chinese Laundry products by Mr. Pocketbook to various retailers.  (McCloskey Dec., Ex. B.) However, this production is incomplete.  For example, the shipping documents reflect that Mr. Pocketbook purchased at least 1,932 Chinese Laundry items from M. London, but the invoices show the sale of only 128 Chinese Laundry items by Mr. Pocketbook.  These numbers simply do not match up.  Mr. Pocketbook, however, refused to further produce any additional documents or explain this discrepancy.

Accordingly, on December 4, 2012, Cels served a subpoena on Mr. Pocketbook, compelling it to produce all records of sales of Chinese Laundry-branded products.  (McCloskey Dec., Exh. C.)  On January 10, 2013, Cels received objections to the subpoena, in which defendants and Mr. Pocketbook asserted boilerplate, blanket objections to each and every single

3

request contained in the subpoena.  (McCloskey Dec., Exh. D.)  Yet, the subpoena is entirely proper.  The documents sought are directly relevant to the claims at issue and also needed for the determination of damages.  In addition, all procedural requirements are met.  Cels first served counsel for defendants with a notice of the subpoena on November 30, 2012, before it served Mr. Pocketbook with the subpoena on December 4, 2012, in compliance with of Fed.R.Civ.P 45(b)(1).  (McCloskey Dec., Exh. E.)   That Mr. Pocketbook is a defendant in another lawsuit simply does not excuse it from compliance with the subpoena.  Indeed, Mr. Pocketbook failed to provide any basis for such contention.  In fact, the case that Mr. Pocketbook referenced to which Mr. Pocketbook is a party has now been stayed pending resolution of this case.  As such, Mr. Pocketbook's contention is also moot.

On January 10, 2013, counsel for Cels wrote to counsel for Mr. Pocketbook, explaining why this discovery was warranted and defendants' objections meritless, and inviting a meet and confer conference on January 11, 14 or 18, 2013 to discuss these issues.  (McCloskey Dec., Exh. F.)  Counsel for Mr. Pocketbook responded that he would cooperate and the parties should be able to resolve the dispute informally.  Due to schedule conflicts, however, counsel finally agreed on a date in March.  On March 12, 2013, counsel met in person at the offices of Mr. Pocketbook's counsel.  At that meeting, counsel for Mr. Pocketbook did not maintain any objections, but indicated that Mr. Pocketbook had already provided all relevant documents to Cels in response to Cels' initial informal requests.  Cels explained that the production was incomplete, and identified certain sale of which Cels had evidence, but which were not identified in the documents produced.  Counsel for Mr. Pocketbook stated that he would discuss this deficiency with his client.

Following that meeting, counsel for Mr. Pocketbook continued to represent that Mr. Pocketbook would produce all sales documents if it had not done so, so the dispute would be resolved without the need for Court intervention.  However, Mr. Pocketbook still did not provide a single document to Cels or a promise to do so, despite repeated requests for such assurances.

(McCloskey Dec., Exh. G.)  Counsel for Mr. Pocketbook nonetheless explained that he was unable to immediately attend to this matter, due to a supposed "emergency," and also invited further discussions on this dispute.  *Id.*  At that point, it became clear to Cels that contrary to counsel's representations, Mr. Pocketbook would not produce the remaining sales documents. Counsel's representations are nothing but a delay tactic designed to not only frustrate Cels' legitimate discovery but circumvent Cels' ability to compel compliance, given the fast-approaching discovery cut-off date of May 15, 2013.  Cels therefore promptly filed this motion.

Cels made good faith efforts to resolve the dispute informally with Mr. Pocketbook, and reasonably believed that a resolution could be reached given counsel's representations that Mr. Pocketbook would cooperate.  Cels filed this motion immediately after it became apparent that those efforts proved futile.

## II.   ARGUMENT

### A.   Legal Standard for Motion to Compel Subpoena

Fed R. Civ. P. 37(a) provides that a party "may apply for an order compelling disclosure or discovery" from both parties and deponents.  A party may move for an order compelling discovery from a nonparty under Fed. R. Civ. P. 45 (c)(2)(B)(i), which provides: "[a]t any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection."  Fed. R. Civ. P. 45(e) further provides that "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."

Cels properly served a document subpoena on Mr. Pocketbook requiring it to produce relevant documents.  Mr. Pocketbook, however, refused to produce a single document.  Pursuant to Rules 45 (c)(2)(B) and 45(e), Cels hereby seeks an order compelling compliance with the subpoena or, in the alternative, an order to show cause.

### B.   Mr. Pocketbook's Objections are Without Merit

On January 10, 2013, Mr. Pocketbook provided a response to the subpoena which

contains boilerplate objections to each and every single request contained in the subpoena. (McCloskey Decl., Ex. D.)  This is improper.  Mr. Pocketbook is required to identify specifically the items with respect to which objections are made.  The Federal Rules of Civil Procedure do not permit boilerplate objections as they obscure what is being provided, and what, if anything, is being withheld.  It is for this reason, Rule 33(b) requires the responding party to answer and/or object to each interrogatory separately and all grounds for objection to an interrogatory must be stated "with specificity." Fed. R. Civ. P. 33(b)(4); see also Fed. R. Civ. P. 34(b)(2); *Nagele v. Electronic Data Systems Corp.* (W.D. N.Y. 2000) 193 FRD 94, 109 (objection that interrogatories were "burdensome" overruled because objecting party failed to "particularize" basis for objection); *Mancia v. Mayflower Textile Services Co.* (D. MD 2008) 253 FRD 354, 357 (boiler-plate objections waived any legitimate objections responding party may have had.)  Mr. Pocketbook's boilerplate objections fail to meet the requirements of the Rules.   By so responding, Mr. Pocketbook has waived any legitimate objections it may have had.

In addition, the production date for the subpoena served on Mr. Pocketbook was December 31, 2012.  Despite the fact that the Proof of Service purports to have served the document by messenger on December 19, 2012, the document was actually served by mail, and is postmarked January 4, 2013.  (McCloskey Decl., Ex. D.)  The objections were not timely served and, therefore, have been waived.

The contention that Mr. Pocketbook is a defendant in another lawsuit somehow excuses it from compliance with the subpoena is entirely meritless.  Mr. Pocketbook failed to provide any authority to support this contention, as there is none.  In fact, the case to which Mr. Pocketbook is a party has now been stayed pending resolution of this case.  As such, this contention is also moot.

### C.      The Documents Sought Are Not Only Relevant, But Material To The Claims Asserted by Cels Against Defendants.

Where the documents sought by a subpoena are relevant to the claims at issue, courts

have consistently compelled compliance of such subpoena. See *Ultradent Prods., Inc. v. Hayman*, 2002 U.S. Dist. LEXIS 18000 (S.D.N.Y. 2002) (compelling nonparty to produce documents where "the underlying data requested appear[ed] to be reasonably calculated to lead to the discovery of relevant evidence supporting [the] counterclaims."); *Wertheim Schroder & Co. v. Avon Prods.*, 1995 U.S. Dist. LEXIS 79 (S.D.N.Y. 1995) (requiring nonparty to "respond to [document requests] the same extent required of [defendant]" and compelling deposition of nonparty where "there [we]re gaps … that c[ould] best be filled by the deposition of [such nonparty witness].")

This Court in *Wertheim Schroder* noted: "Courts often state that the obligations of a nonparty under Rule 45 of the Federal Rules of Civil Procedure are *equivalent* to the duties of parties responding to discovery under other rules." *Id.*, citing *Schwartz v. New York City Off-Track Betting Corp.*, 1993 WL 42760, at 3 (S.D.N.Y. 1993); *Castle v. Jallah*, 142 F.R.D. 618, 620 (E.D. Va. 1992).

Thus, even though weight may "be given to nonparty status in assessing the burden of compliance," the court found "discovery should not simply be denied on the ground that the person or entity from whom it is sought is not a party to the action." *Id.* The court found the outcome of litigation "should not hinge on the fortuity that relevant information is possessed by a non-litigant rather than by a party." *Id.* Instead, a

> Better approach is for the court to take steps to relieve a nonparty of the burden of compliance even when such accommodations might not be provided to a party. For example, while a party is generally expected to bear its own costs of responding to discovery requests, Rule 45(c)(3)(B)(iii) specifically contemplates compensating a nonparty who would otherwise incur substantial expense.

*Id.*

Accordingly, where the information sought is relevant, the general rule is that a nonparty must comply with the subpoena. Here, the documents sought by the subpoena are clearly

relevant.  In this case, Cels alleges that M. London sold products bearing the Chinese Laundry marks to unauthorized retailers at prices prohibited by the License Agreement between Cels and M. London.  Those sales constitute infringement of Cels' trademark rights.  M. London made such infringing sales to Mr. Pocketbook.  Accordingly, Mr. Pocketbook's sales records of Chinese Laundry goods are directly relevant to the claims at issue, and also needed for the determination of the damages.  Mr. Pocketbook has produced a fraction of those records to Cels, but continued to withhold the remaining records without any justification.  Cels cannot obtain these documents from any other source, as Cels does not know to whom Mr. Pocketbook sold the products at issue.

### D.     Specific Requests At Issue And Reason Production Should Be Compelled.

**Request No. 2:**

DOCUMENTS sufficient to show all styles of products purchased by YOU bearing any CHINESE LAUNDRY mark(s).

**Response To Request No. 2:**

Objection: the subpoena is void on the grounds that Mr. Pocketbook, Inc. is a defendant in a lawsuit brought by the propounding party, Cels Enterprises, Inc. v. Mr. Pocketbook, Inc., CV12-07734 SVW (FFMx). Service of the subpoena is a blatant attempt to circumvent the requirements of Rule 34(b) in that case and objectionable on those grounds. Objection: relevance. Objection to the extent the request seeks documents that are subject to the attorney-client privilege or the work product doctrine.  Objection: there is no compelling need for the documents requested. Objection: fatally ambiguous as to what is meant by "DOCUMENTS sufficient to show all styles of products purchased by YOU bearing any CHINESE LAUNDRY mark(s)." Objection: overbroad as to time and scope.

**Cels Contentions Regarding Request No. 2:**

The contention that Mr. Pocketbook is a defendant in another lawsuit somehow excuses it from compliance with the subpoena is entirely meritless.  Mr. Pocketbook failed to provide any

authority to support this contention, as there is none.  In fact, the case to which Mr. Pocketbook is a party has now been stayed pending resolution of this case.  As such, this contention is also moot.

Mr. Pocketbook's objection on the basis that there is no "compelling need" for the documents and that the documents are not relevant to this action are meritless.  Cels entered into a License Agreement with M. London that permitted M. London to utilize Cels "CHINESE LAUNDRY" trademarks within certain markets and with significant limitations on such use.  Cels has alleged and evidence collected to date strongly supports that M. London exceeded the scope of the permissible use granted by Cels.  Mr. Pocketbook's purchase and sale of Chinese Laundry goods is direct evidence of such unauthorized use.  As such, this request seeks documents that relate directly to the use made by M. London of the CHINESE LAUNDRY trademarks.  Any documents in Mr. Pocketbook's possession, custody or control that relate in any manner to the use made by M. London of Cels' CHINESE LAUNDRY trademarks are directly relevant to this litigation, and should be produced.

Mr. Pocketbook's objection that the subpoenaed documents contain confidential information is an insufficient basis for withholding documents.  A Stipulated Protective Order has been entered in this case, which provides appropriate protections against disclosure of such information.  In addition, while Mr. Pocketbook makes a blanket assertion that subpoenaed documents contain privileged information, no privilege log has been provided.  In fact, this assertion is plainly baseless.  The request seeks business records of Mr. Pocketbook, not any privileged communications with counsel.

Mr. Pocketbook's objection that the request imposes an undue burden on them is equally meritless.  The request merely seeks the type of business records which Mr. Pocketbook would typically maintain in its regular course of business.  In fact, Mr. Pocketbook had already produced some of those records.  The burden of producing the remaining records should be minimal.

Accordingly, Cels requires that Mr. Pocketbook produce all responsive documents to the extent that they have not already been produced to Cels.

**Request No. 5:**

DOCUMENTS sufficient to show all styles of products sold by YOU bearing any CHINESE LAUNDRY mark(s).

**Response To Request No. 5:**

Objection: the subpoena is void on the grounds that Mr. Pocketbook, Inc. is a defendant in a lawsuit brought by the propounding party, Cels Enterprises, Inc. v. Mr. Pocketbook, Inc., CV12-07734 SVW (FFMx). Service of the subpoena is a blatant attempt to circumvent the requirements of Rule 34(b) in that case and objectionable on those grounds. Objection: relevance. Objection to the extent the request seeks documents that are subject to the attorney-client privilege or the work product doctrine. Objection: there is no compelling need for the documents requested. Objection: fatally ambiguous as to what is meant by "DOCUMENTS sufficient to show all purchased made by YOU from M. LONDON that included products." Objection: overbroad as to time and scope.

**Cels Contentions Regarding Request No. 5:**

As previously stated, the contention that Mr. Pocketbook is a defendant in another lawsuit somehow excuses it from compliance with the subpoena is entirely meritless. Mr. Pocketbook failed to provide any authority to support this contention, as there is none. In fact, the case to which Mr. Pocketbook is a party has now been stayed pending resolution of this case. As such, this contention is also moot.

Mr. Pocketbook's objection on the basis that there is no "compelling need" for the documents and that the documents are not relevant to this action are meritless. Cels entered into a License Agreement with M. London that permitted M. London to utilize Cels "CHINESE LAUNDRY" trademarks within certain markets and with significant limitations on such use. Cels has alleged and evidence collected to date strongly supports that M. London exceeded the

scope of the permissible use granted by Cels.  Mr. Pocketbook's purchase and sale of Chinese Laundry goods is direct evidence of such unauthorized use.  As such, this request seeks documents that relate directly to the use made by M. London of the CHINESE LAUNDRY trademarks.  Any documents in Mr. Pocketbook's possession, custody or control that relate in any manner to the use made by M. London of Cels' CHINESE LAUNDRY trademarks are directly relevant to this litigation, and should be produced.

Mr. Pocketbook's objection that the subpoenaed documents contain confidential information is an insufficient basis for withholding documents.  A Stipulated Protective Order has been entered in this case, which provides appropriate protections against disclosure of such information.  In addition, while Mr. Pockebook makes a blanket assertion that subpoenaed documents contain privileged information, no privilege log has been provided.  In fact, this assertion is plainly baseless.  The request seeks business records of Mr. Pocketbook, not any privileged communications with counsel.

Mr. Pocketbook's objection that the request imposes an undue burden on them is equally meritless.  The request merely seeks the type of business records which Mr. Pocketbook would typically maintain in its regular course of business.  In fact, Mr. Pocketbook had already produced some of those records.  The burden of producing the remaining records should be minimal.

Accordingly, Cels requires that Mr. Pocketbook produce all responsive documents to the extent that they have not already been produced to Cels.

**Request No. 6:**

All invoices for sales including products bearing any CHINESE LAUNDRY mark(s).

**Response To Request No. 6:**

Objection: the subpoena is void on the grounds that Mr. Pocketbook, Inc. is a defendant in a lawsuit brought by the propounding party, Cels Enterprises, Inc. v. Mr. Pocketbook, Inc., CV12-07734 SVW (FFMx). Service of the subpoena is a blatant attempt to circumvent the

requirements of Rule 34(b) in that case and objectionable on those grounds. Objection: relevance. Objection to the extent the request seeks documents that are subject to the attorney-client privilege or the work product doctrine.  Objection: there is no compelling need for the documents requested. Objection:  request is overbroad, burdensome and oppressing in that it requests "All invoices for sales including products .... " Accordingly, the instant Request was plainly calculated purely for harassment. Objection: fatally ambiguous as to what is meant by "All invoices for sales including products bearing .... " Objection: overbroad as to time and scope.

## Cels Contentions Regarding Request No. 6:

The contention that Mr. Pocketbook is a defendant in another lawsuit somehow excuses it from compliance with the subpoena is entirely meritless.  Mr. Pocketbook failed to provide any authority to support this contention, as there is none.  In fact, the case to which Mr. Pocketbook is a party has now been stayed pending resolution of this case.  As such, this contention is also moot.

Mr. Pocketbook's objection on the basis that there is no "compelling need" for the documents and that the documents are not relevant to this action are meritless.  Cels entered into a License Agreement with M. London that permitted M. London to utilize Cels "CHINESE LAUNDRY" trademarks within certain markets and with significant limitations on such use. Cels has alleged and evidence collected to date strongly supports that M. London exceeded the scope of the permissible use granted by Cels.  Mr. Pocketbook's purchase and sale of Chinese Laundry goods is direct evidence of such unauthorized use.   As such, this request seeks documents that relate directly to the use made by M. London of the CHINESE LAUNDRY trademarks.  Any documents in Mr. Pocketbook's possession, custody or control that relate in any manner to the use made by M. London of Cels' CHINESE LAUNDRY trademarks are directly relevant to this litigation, and should be produced.

Mr. Pocketbook's objection that the subpoenaed documents contain confidential information is an insufficient basis for withholding documents. A Stipulated Protective Order has been entered in this case, which provides appropriate protections against disclosure of such information. In addition, while Mr. Pocketbook makes a blanket assertion that subpoenaed documents contain privileged information, no privilege log has been provided. In fact, this assertion is plainly baseless. The request seeks business records of Mr. Pocketbook, not any privileged communications with counsel.

Mr. Pocketbook's objection that the request imposes an undue burden on them is equally meritless. The request merely seeks the type of business records which Mr. Pocketbook would typically maintain in its regular course of business. In fact, Mr. Pocketbook had already produced some of those records. The burden of producing the remaining records should be minimal.

Accordingly, Cels requires that Mr. Pocketbook produce all responsive documents to the extent that they have not already been produced to Cels.

**Request No. 8:**

DOCUMENTS that IDENTIFY all individuals and entities to whom YOU sold products bearing any CHINESE LAUNDRY mark(s).

**Response To Request No. 8:**

Objection: the subpoena is void on the grounds that Mr. Pocketbook, Inc. is a defendant in a lawsuit brought by the propounding party, Cels Enterprises, Inc. v. Mr. Pocketbook, Inc., CV12-07734 SVW (FFMx). Service of the subpoena is a blatant attempt to circumvent the requirements of Rule 34(b) in that case and objectionable on those grounds. Objection: relevance. Objection to the extent the request seeks documents that are subject to the attorney-client privilege or the work product doctrine. Objection: there is no compelling need for the documents requested. Objection: request is overbroad, burdensome and oppressing in that it requests documents identifying "all individuals and entities to whom YOU sold products bearing

any CHINESE LAUNDRY mark(s)." Accordingly, the instant Request was plainly calculated purely for harassment. Objection: fatally ambiguous as to what is meant by "DOCUMENTS that IDENTIFY all individuals and entities to whom YOU sold products .... " Objection: overbroad as to time and scope.

**Cels Contentions Regarding Request No. 8:**

The contention that Mr. Pocketbook is a defendant in another lawsuit somehow excuses it from compliance with the subpoena is entirely meritless. Mr. Pocketbook failed to provide any authority to support this contention, as there is none. In fact, the case to which Mr. Pocketbook is a party has now been stayed pending resolution of this case. As such, this contention is also moot.

Mr. Pocketbook's objection on the basis that there is no "compelling need" for the documents and that the documents are not relevant to this action are meritless. Cels entered into a License Agreement with M. London that permitted M. London to utilize Cels "CHINESE LAUNDRY" trademarks within certain markets and with significant limitations on such use. Cels has alleged and evidence collected to date strongly supports that M. London exceeded the scope of the permissible use granted by Cels. Mr. Pocketbook's purchase and sale of Chinese Laundry goods is direct evidence of such unauthorized use. As such, this request seeks documents that relate directly to the use made by M. London of the CHINESE LAUNDRY trademarks. Any documents in Mr. Pocketbook's possession, custody or control that relate in any manner to the use made by M. London of Cels' CHINESE LAUNDRY trademarks are directly relevant to this litigation, and should be produced.

Mr. Pocketbook's' objection that the subpoenaed documents contain confidential information is an insufficient basis for withholding documents. A Stipulated Protective Order has been entered in this case, which provides appropriate protections against disclosure of such information. In addition, while Mr. Pocketbook makes a blanket assertion that subpoenaed documents contain privileged information, no privilege log has been provided. In fact, this

assertion is plainly baseless.  The request seeks business records of Mr. Pocketbook, not any privileged communications with counsel.

Mr. Pocketbook's' objection that the request imposes an undue burden on them is equally meritless.  The request merely seeks the type of business records which Mr. Pocketbook would typically maintain in its regular course of business.  In fact, Mr. Pocketbook had already produced some of those records.  The burden of producing the remaining records should be minimal.

Accordingly, Cels requires that Mr. Pocketbook produce all responsive documents to the extent that they have not already been produced to Cels.

**Request No. 10:**

DOCUMENTS sufficient to show remaining inventory of products, by style number and color, bearing any CHINESE LAUNDRY mark(s) currently in YOUR possession, custody or control.

**Response To Request No. 10:**

Objection: the subpoena is void on the grounds that Mr. Pocketbook, Inc. is a defendant in a lawsuit brought by the propounding party, Cels Enterprises, Inc. v. Mr. Pocketbook, Inc., CV12-07734 SVW (FFMx). Service of the subpoena is a blatant attempt to circumvent the requirements of Rule 34(b) in that case and objectionable on those grounds. Objection: relevance. Objection to the extent the request seeks documents that are subject to the attorney-client privilege or the work product doctrine.  Objection: there is no compelling need for the documents requested. Objection:  fatally ambiguous as to what is meant by "DOCUMENTS sufficient to show remaining inventory  of products, by style number and color, bearing any CHINESE LAUNDRY mark(s) .... " Objection: compound.

**Cels Contentions Regarding Request No. 10:**

The contention that Mr. Pocketbook is a defendant in another lawsuit somehow excuses it from compliance with the subpoena is entirely meritless.  Mr. Pocketbook failed to provide any

15

authority to support this contention, as there is none.  In fact, the case to which Mr. Pocketbook is a party has now been stayed pending resolution of this case.  As such, this contention is also moot.

Mr. Pocketbook's objection on the basis that there is no "compelling need" for the documents and that the documents are not relevant to this action are meritless.  Cels entered into a License Agreement with M. London that permitted M. London to utilize Cels "CHINESE LAUNDRY" trademarks within certain markets and with significant limitations on such use. Cels has alleged and evidence collected to date strongly supports that M. London exceeded the scope of the permissible use granted by Cels.  Mr. Pocketbook's purchase and sale of Chinese Laundry goods is direct evidence of such unauthorized use.  As such, this request seeks documents that relate directly to the use made by M. London of the CHINESE LAUNDRY trademarks.  Any documents in Mr. Pocketbook's possession, custody or control that relate in any manner to the use made by M. London of Cels' CHINESE LAUNDRY trademarks are directly relevant to this litigation, and should be produced.

Mr. Pocketbook's objection that the subpoenaed documents contain confidential information is an insufficient basis for withholding documents.  A Stipulated Protective Order has been entered in this case, which provides appropriate protections against disclosure of such information.  In addition, while Mr. Pocketbook makes a blanket assertion that subpoenaed documents contain privileged information, no privilege log has been provided.  In fact, this assertion is plainly baseless.  The request seeks business records of Mr. Pocketbook, not any privileged communications with counsel.

Mr. Pocketbook's objection that the request imposes an undue burden on them is equally meritless.  The request merely seeks the type of business records which Mr. Pocketbook would typically maintain in its regular course of business.  In fact, Mr. Pocketbook had already produced some of those records.  The burden of producing the remaining records should be minimal.

Accordingly, Cels requires that Mr. Pocketbook produce all responsive documents to the extent that they have not already been produced to Cels.

**Request No. 11:**

DOCUMENTS sufficient to show the total number of products, by style number and color, bearing any CHINESE LAUNDRY mark(s) purchased by YOU.

**Response To Request No. 11:**

Objection: the subpoena is void on the grounds that Mr. Pocketbook, Inc. is a defendant in a lawsuit brought by the propounding party, Cels Enterprises, Inc. v. Mr. Pocketbook, Inc., CV12-07734 SVW (FFMx). Service of the subpoena is a blatant attempt to circumvent the requirements of Rule 34(b) in that case and objectionable on those grounds. Objection: relevance. Objection to the extent the request seeks documents that are subject to the attorney-client privilege or the work product doctrine. Objection: there is no compelling need for the documents requested Objection: fatally ambiguous as to what is meant by "DOCUMENTS sufficient to show the total number of products, by style number and color, bearing any CHINESE LAUNDRY mark(s) .... " Objection: overbroad as to time and scope. Objection: compound.

**Cels Contentions Regarding Request No. 11:**

The contention that Mr. Pocketbook is a defendant in another lawsuit somehow excuses it from compliance with the subpoena is entirely meritless. Mr. Pocketbook failed to provide any authority to support this contention, as there is none. In fact, the case to which Mr. Pocketbook is a party has now been stayed pending resolution of this case. As such, this contention is also moot.

Mr. Pocketbook's objection on the basis that there is no "compelling need" for the documents and that the documents are not relevant to this action are meritless. Cels entered into a License Agreement with M. London that permitted M. London to utilize Cels "CHINESE LAUNDRY" trademarks within certain markets and with significant limitations on such use.

17

Cels has alleged and evidence collected to date strongly supports that M. London exceeded the scope of the permissible use granted by Cels.  Mr. Pocketbook's purchase and sale of Chinese Laundry goods is direct evidence of such unauthorized use.  As such, this request seeks documents that relate directly to the use made by M. London of the CHINESE LAUNDRY trademarks.  Any documents in Mr. Pocketbook's possession, custody or control that relate in any manner to the use made by M. London of Cels' CHINESE LAUNDRY trademarks are directly relevant to this litigation, and should be produced.

Mr. Pocketbook's objection that the subpoenaed documents contain confidential information is an insufficient basis for withholding documents.  A Stipulated Protective Order has been entered in this case, which provides appropriate protections against disclosure of such information.  In addition, while Mr. Pocketbook makes a blanket assertion that subpoenaed documents contain privileged information, no privilege log has been provided.  In fact, this assertion is plainly baseless.  The request seeks business records of Mr. Pocketbook, not any privileged communications with counsel.

Mr. Pocketbook's objection that the request imposes an undue burden on them is equally meritless.  The request merely seeks the type of business records which Mr. Pocketbook would typically maintain in its regular course of business.  In fact, Mr. Pocketbook had already produced some of those records.  The burden of producing the remaining records should be minimal.

Accordingly, Cels requires that Mr. Pocketbook produce all responsive documents to the extent that they have not already been produced to Cels.

**Request No. 12**:

DOCUMENTS sufficient to show the total number of products, by style number and color, bearing any CHINESE LAUNDRY mark(s) sold by YOU.

**Response To Request No. 12:**

Objection: the subpoena is void on the grounds that Mr. Pocketbook, Inc. is a defendant in a lawsuit brought by the propounding party, Cels Enterprises, Inc. v. Mr. Pocketbook, Inc., CV12-07734 SVW (FFMx). Service of the subpoena is a blatant attempt to circumvent the requirements of Rule 34(b) in that case and objectionable on those grounds. Objection: relevance. Objection to the extent the request seeks documents that are subject to the attorney-client privilege or the work product doctrine.  Objection: there is no compelling need for the documents requested. Objection:  fatally ambiguous as to what is meant by "DOCUMENTS sufficient to show the total number of products, by style number and color, bearing any CHINESE LAUNDRY mark(s) sold by YOU." Objection: overbroad as to time and scope. Objection: compound.

**Cels Contentions Regarding Request No. 12**:

The contention that Mr. Pocketbook is a defendant in another lawsuit somehow excuses it from compliance with the subpoena is entirely meritless.  Mr. Pocketbook failed to provide any authority to support this contention, as there is none.  In fact, the case to which Mr. Pocketbook is a party has now been stayed pending resolution of this case.  As such, this contention is also moot.

Mr. Pocketbook's objection on the basis that there is no "compelling need" for the documents and that the documents are not relevant to this action are meritless.  Cels entered into a License Agreement with M. London that permitted M. London to utilize Cels "CHINESE LAUNDRY" trademarks within certain markets and with significant limitations on such use. Cels has alleged and evidence collected to date strongly supports that M. London exceeded the scope of the permissible use granted by Cels.  Mr. Pocketbook's purchase and sale of Chinese Laundry goods is direct evidence of such unauthorized use.   As such, this request seeks documents that relate directly to the use made by M. London of the CHINESE LAUNDRY trademarks.  Any documents in Mr. Pocketbook's possession, custody or control that relate in

any manner to the use made by M. London of Cels' CHINESE LAUNDRY trademarks are directly relevant to this litigation, and should be produced.

Mr. Pocketbook's objection that the subpoenaed documents contain confidential information is an insufficient basis for withholding documents. A Stipulated Protective Order has been entered in this case, which provides appropriate protections against disclosure of such information. In addition, while Mr. Pocketbook makes a blanket assertion that subpoenaed documents contain privileged information, no privilege log has been provided. In fact, this assertion is plainly baseless. The request seeks business records of Mr. Pocketbook, not any privileged communications with counsel.

Mr. Pocketbook's objection that the request imposes an undue burden on them is equally meritless. The request merely seeks the type of business records which Mr. Pocketbook would typically maintain in its regular course of business. In fact, Mr. Pocketbook had already produced some of those records. The burden of producing the remaining records should be minimal.

Accordingly, Cels requires that Mr. Pocketbook produce all responsive documents to the extent that they have not already been produced to Cels.

## III.   **CONCLUSION**

For the forgoing reasons, Cels respectfully submits that the Court should grant the motion to compel Mr. Pocketbook to comply with the subpoena duces tecum or, in the alternative, issue an Order to show cause.

Dated: April 15, 2013

Respectfully submitted,

By: s/Suzette L. Russomanno

      Suzette L. Russomanno (Fla. Bar No. 751081)
      suzette.russomanno@sedgwicklaw.com
      SEDGWICK LLP
      9155 South Dadeland Boulevard
      Suite 1208
      Miami, Florida 33156
      Telephone: 305.671.2174
      Facsimile:  305.397.1546

      Robert F. Helfing
      Heather L. McCloskey
      Xiaoyi Yao
      SEDGWICK LLP
      801 S. Figueroa Street, 19th Floor
      Los Angeles, California 90017

## CERTIFICATE OF SERVICE

      I hereby certify that on April 15, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties in Service List below, the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

              s/  Suzette L. Russomanno

## SERVICE LIST

Erik L. Jackson, Esq.
ejackson@cozen.com
COZEN O'CONNOR
601 South Figueroa Street, Suite 3700
Los Angeles, California 90017
Telephone: 213.892.7900
Facsimile:  213.892.7999
*Attorneys for Mr. Pocketbook, Inc. and Defendants M. London, Inc. and Michael Bannout*
Served via E-mail